(No. 3228—)

THEODORE H. REUTER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 11, 1941.*

CLAIMANT, pro se.

GEORGE F. BARRETT, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

Claimant seeks a refund of Twelve Dollars ($12.00), which amount he claims he overpaid for automobile registration fees for the years 1934, 1935 and 1936;—in each of which years he paid the sum of Ten Dollars and Fifty Cents ($10.50) instead of Six Dollars and Fifty Cents ($6.50) which he was legally required to pay.

The Attorney General has moved to dismiss the claim for the reason that the complaint does not allege that the excess fees were paid under protest or under duress or compulsion, or that there is a statute authorizing such refund.

Claimant apparently bases his right to recover upon the contention that the excess payments so made by him as aforesaid were made under a mistake of fact.

It is generally recognized that where an illegal or excessive tax is paid voluntarily, with a full knowledge of all the facts, it cannot be recovered. It is equally well recognized

that where such tax is paid under a mistake of fact, it may be recovered. However this court has held in numerous cases that where a license fee is correctly assessed by the Secretary of State on the basis of the application filed by the owner of the automobile and he is thereby required to pay a fee in excess of what he legally should have paid, the payment can not be considered as having been made under a mistake of fact within the legal meaning of those words, and consequently he is not entitled to a refund of the amount so paid. (*James B. Emerick* vs. *State,* 9 C. C. R. 510; *Western Dairy Co.* vs. *State,* 9 C. C. R. 498; *Stotlar-Herrin Lumber Co.* vs. *State,* 9 C. C. R. 517; *Fried & Bell Paper Co.* vs. *State,* 9 C. C. R. 531; *Oppenheimer Casing Co.* vs. *State,* 10 C. C. R. 9; *Kansas City Fire & Marine Insurance Co.* vs. *State,* 10 C. C. R. 443.)

Under the facts set forth in the complaint we have no authority to allow an award, and therefore the motion of the Attorney General must be sustained and the claim dismissed.

Motion to dismiss allowed. Case dismissed.